UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| John M. Walker, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 20-2284 ) |
| Nancy Fahey, *et al.* | ) ) ) |
| Defendants. | ) ) ) ) |

## **Merit Review Order**

The plaintiff, proceeding *pro se*, and currently detained at Vermilion County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that Defendant Fahey, a state court judge, permitted the prosecutor in his state court criminal case to dismiss

the case and refile it. Plaintiff alleges that he is deaf and that a CART reporter was not provided, resulting in his case being set for trial. Plaintiff alleges that his public defender failed to file a motion on his behalf and that Defendant Fahey is biased against public defenders. Plaintiff also alleges that he requires a liver biopsy.

The state court judge and prosecutor are immune from suit for actions undertaken as part of the judicial process. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). Plaintiff's public defender is not a state actor for purposes of section 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). In addition, the Court must refrain from interfering in ongoing state criminal procedures. *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014). Plaintiff, therefore, does not state a claim related to his underlying state court proceedings.

Plaintiff does not provide enough information for the Court to find that he states a claim related to his need for a liver biopsy. The Court grants Plaintiff leave to file an amended complaint on this issue. Any amended complaint must be filed within the deadlines set forth below.

**It is therefore ordered:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint.

2. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

Entered this 23rd day of November, 2020.

s/ Harold A. Baker
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE